IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA  DIVISION

MITZI L. MCCAIN                                                                                    PLAINTIFF

V.                                                                   CIVIL ACTION NO. 2:05CV101-SAA

JO ANNE B. BARNHART, Commissioner of
Social Security                                                                                      DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the

decision of the Commissioner of Social Security denying the application of plaintiff Mitzi L. McCain

for disability benefits under Title II and Supplemental Security Income benefits under Title XVI of

the Social Security Act.  The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C.

§ 1331.  In accordance with the provisions of 28 U.S.C. § 636(c), both parties consented to have a

United States Magistrate Judge conduct all proceedings in this case, including an order for entry of

a  final  judgment.  Therefore, the undersigned has authority to        issue  this  opinion  and  the

accompanying final judgment.

## STATEMENT OF THE CASE

Plaintiff Mitzi L. McCain suffers from Graves disease/hypothyroidism status post thyroid

ablation and insulin dependent diabetes mellitus.  Her primary healthcare provider is David L. Walt,

M.D.  She possesses a seventh-grade education and terminated her schooling at the age of sixteen.

Plaintiff protectively filed her application for disability income and benefits on June 13, 2002,

alleging a disability onset date of June 7, 2002.  Her claim was denied initially and on

reconsideration, and plaintiff requested a hearing before an administrative law judge.

Born on May 31, 1964, the plaintiff was forty years of age at the time of her hearing on September 28, 2004, before the administrative law judge (ALJ) Roger Reynolds. On November 19, 2004, the ALJ issued his decision in which he determined that the plaintiff was not performing substantial gainful work and that her impairments were severe but not to the extent that such impairments met or medically equaled a listed impairment within Appendix 1, Subpart P, Regulation Number 4. Without the aid of any medical source statement on the subject, the ALJ further found that plaintiff retained the residual functional capacity to perform work requiring medium exertion. He also found that her allegations regarding her limitations were not entirely credible. He denied the claim on the basis that plaintiff was not disabled as defined under the Social Security Act as he found her capable of performing her past relevant work in the field of clerical, office work.

The plaintiff's request for review by the Appeals Council was denied on March 17, 2005, which then perfected the ALJ's decision as the final decision of the Commissioner. Accordingly, the ALJ's decision is now ripe for the court's review. Plaintiff's brief asserts that the denial of benefits and payments was not supported by substantial evidence and, as points of error, specifically references steps four and five of the requisite five-step sequential evaluation process used in determining whether an individual is disabled.

## DISCUSSSION

A.      Standard of Review

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence in the record as whole and whether the Commissioner used the correct legal standard. *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d

630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971), *overruled on other grounds by Sims v. Apfel*, 530 U.S. 103, 108 (2000)). However, a decision is not substantially justified if the facts are not fully and fairly developed. *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (citing *Newton v. Apfel*, 208 F.3d 448, 458 (5th Cir 2000)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence leans against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

B.    Five-Step Sequential Evaluation Process

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2005). The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels, the burden then shifts to the Commissioner at step five. *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). First, plaintiff must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1527 (2005). Second, the plaintiff must prove her impairment or combination of impairments

is "severe" in that it has more than a minimal effect on the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1527, 416.972 (2005); *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). At step three, the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P. 20 C.F.R. §§ 404.1520(d), 416.920(d) (2005). Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e) (2005). If the plaintiff is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work. 20 C.F.R § 404.1520(f), 416.920(f) (2005). If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff must then prove that he cannot, in fact, perform that work. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

C.      Residual Functional Capacity

The plaintiff contends that error occurred at the fourth step of the sequential evaluation process and argues in a general manner that the decision denying her application was not supported by substantial evidence. The plaintiff's brief does not specifically assign the ALJ's residual functional capacity determination as a point of error. Regardless, such failure, in this instance, warrants attention by this court.

The fourth step requires that the ALJ determine the plaintiff's residual functional capacity, then apply this finding in deciding whether an individual is capable of performing her past relevant work. Social Security Ruling 96-8p. Generally, adjudicators should request a medical source statement, which is an opinion provided from either treating sources or consultative examiners or

both, for inclusion within the record. Social Security Ruling 96-5p. Such medical opinions discuss the claimant's physical or mental abilities as they relate to performing work-related activities on a sustained basis. *Id.* An ALJ's failure to acquire a medical source statement does not warrant automatic reversal; rather, the analysis turns to whether, without such a statement, substantial evidence supports the ALJ's residual functional capacity determination. *Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005).

The Fifth Circuit has found substantial, supportive evidence as to a claimant's residual functional capacity where the ALJ can fully and fairly develop the record from lay and medical sources before him. *Id.* at *8. In affirming the ALJ's decision, the *Gutierrez* court relied on the claimant's own testimony that she was able to perform the tasks of her former employment despite her impairment and inconsistencies brought to light via her medical record. *Id.* at *7. Conversely, in another case, the Circuit was unmoved by the ALJ's reliance on the claimant's testimony regarding his ability to work; notably, the ALJ "failed to consider . . . Ripley's testimony regarding *limitations* in performing these tasks." *Ripley v. Chater*, 67 F.3d 552, 558 (5th Cir. 1995) (emphasis added). The *Ripley* court found the ALJ's decision was not supported by substantial evidence where "[t]he record includes a vast amount of medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition has on his ability to work." *Id.* at 557.

In this case, the ALJ determined that plaintiff retained the residual functional capacity to perform the full range of medium work without the aid of any medical source statement regarding her physical and mental limitations. Amidst the boilerplate, laundry list of items considered "[i]n making his assessment," the ALJ's decision states, without elaborating, that he "considered any medical opinions . . . which reflect the nature and severity of the impairments and resulting

limitations" in rendering his work capacity determination. (R. at 22). He also states that his opinion "is further supported by the opinions of the State agency medical consultants." *Id*. The record contains a document entitled "Medical Consultant Referral," which is signed by one Dr. Gibson on July 22, 2002, and referenced in the state's initial disability determinations. (R. at 110.) However, a check in a box labeled "Not Severe" represents the sole opinion contained within this document. *Id*. Certainly this document constitutes a medical opinion regarding the nature of her impairments; however, it does not speak to the issue of her ability to work. The record contains one opinion from Dr. Walt, the plaintiff's primary healthcare provider, wherein he opines as to the *duration* and *prognosis*, not the effects, of the plaintiff's impairments. (R. at 117.) Therefore, the court has not choice but to conclude that the ALJ did not, in fact, use such items in his analysis given the plain and simple fact that such items do not exist within the record.

On the other hand, the ALJ's decision does provide an actual analysis of the plaintiff's credibility, referring to her testimony and to disability-related documentation she had completed. (R. at 22-23.) The decision specifically compares the limitations alleged to the plaintiff's daily activities and lifestyle and states that the ALJ's credibility determination was also based upon the degree of medical treatment required and plaintiff's medical history. (R. at 22.)

Perceived inconsistencies between her alleged limitations and her confessed ability to watch an extraordinary amount of television, read, drive, cook, and attend to her own personal needs provides, if anything, a mere scintilla of evidence that would support his finding. Quite simply, visiting a dying grandfather in Texas nearly a year before the subject hearing does not provide a basis for concluding that an individual can engage in medium-exertion work. Watching television,

cooking and brushing one's hair also fail to illustrate this residual functional capacity level. These are matters that establish or negate her credibility – not matters that, when considered alone, illustrate how much she can lift, concentrate or stay awake.

Moreover, unlike the *Gutierrez* plaintiff who testified that she found "nothing" hard in fulfilling the requirements of her past job, *Gutierrez,* 2005 WL 1994289, at *7, the instant plaintiff was consistent with her statements regarding her inability to work due to mental and physical problems. Also, the subject decision, like the *Ripley* decision, did not take into account the claimant's testimony and documentation regarding her limitations when engaging in the above-listed activities, such as her inability to *complete* light housework tasks. An adjudicator simply cannot glean from a hearing those facts which support his decision and recite them without considering their negative counterparts. The plaintiff's recitation of her daily activities and life style when coupled with the records and/or any perceived inconsistencies fail to rise to the level of substantial evidence due to the sheer inability of these items to show the *effect* of her limitations on her ability to work.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is reversed and this case is remanded for further development of the record and new findings by the ALJ as to the plaintiff's residual functional capacity. A separate order of judgment reversing the Commissioner's final decision and remanding this action shall issue contemporaneously with this opinion.

This, the 6th day of February, 2006.

         /s/ S. ALLAN ALEXANDER
         UNITED STATES MAGISTRATE JUDGE